UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Respondent,<br><br>vs.<br><br>DWAYNE LAMONT SLATER, BILLY RAY GIBSON, MICHAEL DENNIS WILLIAMS, SHONDOR JANELL ARCENEAUX, DELESHIA MONET GILBERT, and BRENT DELVALEN BLAKE,<br><br>Movants. | No. 2:03-cr-00371-MCE-EFB P<br><br><br>ORDER |

Movants have all filed motions to vacate, set aside, or correct their sentences pursuant to 28 U.S.C. § 2255. ECF Nos. 1023, 1025, 1029, 1031, 1032, & 1045. They argue that some of their conviction counts violate due process in light of the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015), and must be vacated. *See, e.g.*, ECF No. 1025 at 10. The government has filed a consolidated opposition to the motions of movants Slater, Gibson, Blake, Arceneaux, and Williams (ECF No. 1057) and a separate opposition to movant Gilbert's motion (ECF No. 1043). Each movant has submitted a reply (ECF Nos. 1048, 1049, 1060, 1066, 1067 &1069).[1] In their replies, movants cite the recent Supreme Court

---

[1] Movant Arceneuax's reply simply joins and adopts the reply filed by movant Blake. ECF No. 1069.

1

decision in *Mathis v. United States*, 136 S. Ct. 2243 (2016), and argue that a taking committed by means of extortion does not require the use or fear of physical force. This argument was not raised in movants' initial motions because *Mathis* was decided shortly after each was filed.[2] As a consequence, the government did not address this argument in its opposition. Accordingly, the court will, for the reasons stated hereafter, afford the government an opportunity to file a surreply prior to deciding the pending motions.

Section 2113(a) provides, in relevant part:

> (a) Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association; or
>
> Whoever enters or attempts to enter any bank, credit union, or any savings and loan association, or any building used in whole or in part as a bank, credit union, or as a savings and loan association, with intent to commit in such bank, credit union, or in such savings and loan association, or building, or part thereof, so used, any felony affecting such bank, credit union, or such savings and loan association and in violation of any statute of the United States, or any larceny –
>
> Shall be fined under this title or imprisoned not more than twenty years, or both.

18 U.S.C. § 2113(a). And section (d) states:

> (d) Whoever, in committing, or in attempting to commit, any offense defined in subsection (a) and (b) of this section, assaults any person, or puts in jeopardy the life of any person by use of a dangerous weapon or device, shall be fined under this title or imprisoned not more than twenty-five years, or both.

18 U.S.C. § 2113(d). Finally, a 'crime of violence' is defined in §924(c)(3) as:

> an offense that is a felony and –
>
> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

---

[2] *Mathis* was decided on June 23, 2016. *Mathis v. United States*, 136 S. Ct. 2243 (2016). None of the movants' initial motions was filed before June 21, 2016. *See* ECF Nos. 1025, 1029, 1031, & 1032. The court notes that movant Arceneaux filed a second amended motion to vacate on August 22, 2016 (ECF No. 1045), but that motion makes no reference to *Mathis*.

>(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

The Ninth Circuit previously considered whether § 2113 qualifies as a crime of violence for the purposes of § 924(c) and decided the question in the affirmative. *United States v. Wright*, 215 F.3d 1020, 1028 (9th Cir. 2000); *see also United States v. Selfa*, 918 F.2d 749, 751 (9th Cir. 1990) (holding that, where defendant violated § 2113(a) by robbing a bank with 'force and violence, or intimidation', he was guilty of a crime of violence within the meaning of Guideline Section 4B1.1.). Movants argue that these Ninth Circuit decisions are undercut by the Supreme Court's decision in *Mathis* which holds that, where a crime has various means of committing a single element that is broader than the generic offense, the broader crime cannot serve as a predicate under the Armed Career Criminal Act. 136 S. Ct. 2243, 2248-49. *Mathis* also holds that, in considering such a statute with alternative means of satisfying a single element, courts may only consider those elements which would have to be found by a jury or admitted; a judge cannot go beyond the elements "to explore the manner in which the defendant committed that offense." *Id*. at 2252. Movants contend that *Mathis* demands that § 2113 be read to include not only those takings perpetrated by "force and violence, or by intimidation", but also those perpetrated by way of "extortion." *See, e.g.*, ECF No. 1049 at 13; ECF No. 1060 at 14. They contend that *Selfa* and *Wright* failed to identify extortion as an alternative means of taking pursuant to § 2113. *Id.* This failure is relevant, they argue, because extortion is the least culpable way of completing the second element of § 2113 insofar as extortion need not place an individual in fear of physical force. *See, e.g.*, ECF No. 1060 at 17. By way of example, they argue that extortion may be committed by putting an individual in fear of "financial or reputational loss" or by "holding a bank employee's family member for ransom without using or threatening force." *Id.*

The government was not afforded an opportunity to consider and respond to movants' extortion argument because it was not and, to the extent it relies on *Mathis*, could not have been raised in their initial motions. The local rules do not contemplate a surreply as a matter of right,

3

but one may be authorized where a valid reason for doing so presents itself. *See Hill v. England*, 2005 U.S. Dist. LEXIS 29357, at *2-3, 2005 WL 3031136, at *1 (Case No. No. 1:05-cv-0869 REC TAG) (E.D. Cal. Nov. 8, 2005) (Noting that a district court has discretion to allow a surreply "where a valid reason for such additional briefing exists, such as where the movant raises new arguments in its reply brief.") (internal citations omitted). Accordingly, the government will be given an opportunity to address this argument in a surreply, if it so chooses.

Accordingly, IT IS ORDERED that the government may file a surreply which is limited to addressing the extortion argument contained in movants' replies. Any surreply should be filed within twenty-one (21) days of service of this order.

DATED: December 8, 2016.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

4